UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROME SHAUNNESSEY,

          Plaintiff,

vs.                                            Case No.: 8:07-CV-1401-T-27MAP

MONTERIS MEDICAL, INC.,

          Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 32) submitted by Magistrate Judge Mark A. Pizzo recommending that Defendants' Motion to Dismiss or, In the Alternative, for Summary Judgment (Dkt. 10) be granted. Plaintiff has filed objections to the Report and Recommendation (Dkt. 34) and Defendants have filed a response (Dkt. 35).[1]

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may reconsider a report and recommendation where it has been shown that the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

*Plaintiff's Objections*

Plaintiff contends the magistrate judge incorrectly concluded that declaratory judgment

---

[1] The Canadian entity Monteris Medical, Inc. and United States entity Monteris Medical, Inc. will collectively be referred to as "Defendant." (*See* Dkt. 32, p. 2 at n. 2).

jurisdiction is lacking. The Declaratory Judgment Act requires that an "actual controversy" exist before a court considers granting declaratory relief. *Medimmune Inc. v. Gennetech, Inc.*, 127 S.Ct. 764, 771 (2007). To satisfy this requirement, there must be a finding of a substantial controversy having sufficient "immediacy" and "reality" to warrant relief. *Id.* The magistrate judge, in a though and well reasoned analysis, concluded that Plaintiff failed to meet this standard, in part because the approval process of the Federal Drug Administration ("FDA"), which has not yet commenced, may result in changes to the accused device's design. Specifically, the magistrate judge concluded that since Defendant is several years away from submitting an application for FDA approval, the device ultimately approved by the FDA may not be substantially the same device Plaintiff alleges infringes on his patent. Plaintiff disagrees with the magistrate judge's conclusion. Relying on Defendant's "marketing literature," Plaintiff argues that the evidence "tends to prove that no substantial change could be made that would make the accused device not infringing." (Dkt. 34, p. 2).

Contrary to Plaintiff's contention, at this juncture, it simply cannot be known whether the FDA will require changes to Defendant's device, as it is undisputed that Defendant has not submitted the requisite FDA application and Defendant estimates that it is at least three years away from submitting an application.[2] The magistrate judge correctly concluded that Class III medical devices, such as the accused device, cannot be commercialized without proper FDA approval. Regardless of Defendant's marketing claim that it has a "go-to-market" design, it is cannot be known whether Defendant's current design will be approved by the FDA or whether Defendant will eventually

---

[2] Plaintiff has filed an "Offer of Proof" (Dkt. 44) which includes an April 2, 2008 article from Mlive.com wherein Duncan allegedly said that Defendant intended to begin testing its technology on humans next month and that "clearance to market the product could be obtained from the [FDA] by the end of this year." (Dkt. 44, Ex. A). Plaintiff's "Offer of Proof" is a transparent attempt to circumvent this Court's April 24, 2008 order denying Plaintiff's request to supplement his objections to the Report and Recommendation. (Dkts. 41, 42, 43). That aside, the article is unreliable hearsay and does not alter this Court's determination.

2

produce and market the device in its current state. Moreover, because Defendant is several years away from submitting an application for FDA approval, the date on which the potentially infringing activities will begin (if ever) will inevitably be several years from the date on which Plaintiff filed his First Amended Complaint.

Given these circumstances, the magistrate judge correctly concluded that Plaintiff failed to meet the "immediacy" and "reality" criteria necessary to find an "actual controversy" within the meaning of the Declaratory Judgment Act. Essentially, Plaintiff's complaint seeks nothing more than an advisory opinion. *See Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc.*, 363 F.3d 1361, 1378 (Fed. Cir. 2004) (when making a determination on "immediacy," a court should look to the period of time between the date on which the party filed the complaint and the date on which potentially infringing activities will begin; the greater the length of time, the more likely the case lacks "immediacy"); *Id.* ("[f]or a decision in a case such as this to be anything other than an advisory opinion, the plaintiff must establish that the product presented to the court is the same product which will be produced if a declaration of noninfringement is obtained"); *Telectronics Pacing Systems, Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1527 (Fed. Cir. 1992) (actual controversy lacking in case involving defibrillator when suit was commenced after clinical trials began, but device was still "years away from potential FDA approval").

Plaintiff also contends that there is no evidence to support the magistrate judge's conclusion that "most of [Defendant's] exhibitions are better described as 'investment shows' because Defendant attended those shows to seek out potential investors." (Dkt. 32, p. 5). Plaintiff's argument is not convincing. James W. Duncan, the Chief Executive Officer of Monteris Medical, Inc. (US), avers that Defendant did not exhibit the device system, but merely exhibited one

component, "a probe", and distributed literature describing the system and the status of the development process. According to Duncan, Defendant did so as part of "fund-raising efforts" and in an effort to search for and select "qualified investigators to conduct clinical testing." (Duncan Decl. ¶¶ 11, 12). Duncan avers that the probe and literature were distributed at "investor forums" and possibly two medical conferences. (Duncan Decl. ¶ 12). According to Duncan, Defendant has not offered to sell or sold the accused device. (Duncan Decl. ¶¶ 9, 12).

It is undisputed that 35 U.S.C. § 271(e)(1) exempts activities that "would otherwise constitute patent infringement as non-infringing if they are undertaken for the purpose of developing and submitting to the Food and Drug Administration information necessary to obtain marketing approval for a medical device under § 515 of the Federal Food, Drug, and Cosmetic Act, 90 Stat. 552, 21 U.S.C. § 360e (FDCA)." *See Eli Lily & Co. v. Medtronic, Inc.*, 496 U.S. 661, 663-64 (1990). Based in part on Duncan's declaration, the magistrate judge concluded that Defendant's actions were in furtherance of Defendant's development of the device to submit to the FDA for approval. Plaintiff's arguments to the contrary, including his argument that Defendant's actions are not exempt under § 271(e)(1), are not persuasive. Accordingly, Plaintiff's objection in this regard is overruled.

Lastly, Plaintiff reargues his position on personal jurisdiction. In a conclusory fashion, Plaintiff contends that Defendant's "contacts with Florida were in connection with the making, using, or marketing of the accused [ ] device" and that "[a]ll of these actions [ ] give rise to specific jurisdiction over [Defendant], as well as general jurisdiction . . . ." (Dkt. 34, p. 4).[3] Notably, Plaintiff does not contend the magistrate judge overlooked critical facts or misapplied the law.

---

[3] Based on Duncan's averments, the magistrate judge concluded that "[a]t the time of filing Defendants' motion to dismiss, Monteris Medical, Inc. (US) had not yet undertaken any activities. Rather, Monteris Medical, Inc. (Can) had undertaken all activities in the United States up until that time." (Dkt. 32, p. 2; Duncan Decl. ¶ 2).

Rather, Plaintiff simply disagrees with the magistrate judge's conclusion that personal jurisdiction is lacking.

Contrary to Plaintiff's assertion, the magistrate judge correctly concluded that Defendant did not engage in activity that would subject Defendant to the jurisdiction of the Florida courts pursuant to Florida Statute § 48.193. Significantly, Plaintiff's declaratory claim does not revolve around or involve the existence or content of Defendant's telephone or email communications. Nor does Plaintiff's claim for declaratory judgment arise from communications between Defendant and its former vendor in Melbourne, Florida, who is not a party to this action. Plaintiff further fails to establish that Defendant's contacts satisfy the minimum contacts requirement of the due process clause. Defendant's telephone calls, emails, the purchase of component parts, and former vendor relationship, alone or cumulatively, do not rise to the level required by the due process clause such that Defendant should have anticipated being haled into a Florida court. Because this Court lacks personal jurisdiction over Defendant, the magistrate judge's recommendation that this case be dismissed is likewise correct. *See Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1344 (Fed. Cir. 2006).

Accordingly, after careful consideration of the Report and Recommendation, Plaintiff's objections, and Defendants' response, in conjunction with an independent examination of the file, this Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is

**ORDERED AND ADJUDGED** that

1) The Report and Recommendation (Dkt. 32) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Defendants' Motion to Dismiss (Dkt. 10) is **GRANTED**. Plaintiff's First Amended Complaint is **DISMISSED**.

3) All pending motions are **DENIED** as moot.

4) The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 8th day of May, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record